# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES MCCODE** | : | **NO. 06-543-04** |

## MEMORANDUM

**Savage, J.**                                                                                              **July 2, 2025**

In 2007, a jury convicted James McCode of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He also pleaded guilty to a second count of possession of a firearm by a convicted felon. Judge Joyner sentenced him to 297 months imprisonment, which included a seven-year consecutive mandatory term for using and carrying a firearm, and a fifteen-year mandatory minimum under the ACCA. His ACCA sentence was predicated on four prior convictions for first degree robbery under Pennsylvania law.

On June 15, 2016, McCode filed a protective motion under 28 U.S.C. § 2255 to vacate his § 924(c) and ACCA convictions based on *Johnson v. United States*, 576 U.S. 591 (2015). On July 11, 2016, the Third Circuit Court of Appeals granted his application to file a second or successive § 2255 motion. On July 19, 2016, McCode filed an amended motion, asserting the same grounds for relief.[1] He makes two arguments. First,

---

[1] This case was reassigned from Judge Joyner.

he contends that his § 924(c) conviction does not qualify as a crime of violence because it was impermissibly predicated on charges of conspiracy to commit Hobbs Act robbery and Hobbs Act robbery. Second, he argues that the state robbery convictions used to classify him as an armed career criminal do not qualify as violent felonies as defined by the ACCA.

McCode's first argument is meritless. The Third Circuit has held that completed Hobbs Act robbery is a "crime of violence." His challenge to his ACCA conviction has merit. We cannot determine whether he was convicted under the subsection of the Pennsylvania robbery statute that is not a crime of violence, or under one of the subsections that is a criminal violation. Thus, because he may have been convicted under a subsection that does not qualify as an ACCA predicate offense, his sentence must be vacated and he will be resentenced.

### Section 924(c) Conviction

McCode challenges his conviction under 18 U.S.C. § 924(c) for using or carrying a firearm in furtherance of a crime of violence. He argues that conspiracy to commit Hobbs Act robbery and completed Hobbs Act robbery are not predicate crimes of violence because they "do not 'ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another,' as required by the element-of-force clause of § 924(c)(3)(A)."[2]

Since McCode filed his motion, the Third Circuit has held that completed Hobbs Act robbery qualifies as a crime of violence under § 924(c). *United States v. Stoney*, 62 F.4th 108, 112-13 (3d Cir. 2023). Pursuant to *Stoney*, completed Hobbs Act robbery is a

---

[2] Am. Mot. to Correct Sentence Under 28 U.S.C. § 2255 5, Doc. No. 200.

2

valid § 924(c) predicate under *Johnson* and *United States v. Davis*, 588 U.S. 445 (2019). Because McCode's § 924(c) conviction was predicated on both conspiracy and the substantive offense of Hobbs Act robbery, and Hobbs Act robbery qualifies as a crime of violence, his § 924(c) conviction remains valid.

## ACCA Conviction

McCode, relying on *Johnson* and *Borden v. United States*, 593 U.S. 420 (2021), argues that because the *Shepard* documents supporting his state robbery convictions "do not exclude that he was convicted under subsection (iii)," which is not a predicate ACCA offense, "none of the prior convictions qualifies as ACCA predicates."[3] The government acknowledges that the Pennsylvania robbery statute includes both qualifying and unqualifying ACCA predicate offenses. But, it asserts that McCode has not met "his burden to show that he was convicted of an offense that is not an ACCA predicate."[4]

Pennsylvania's robbery statute defines six different robbery offenses, each having its own element. The statute provides that:

A person is guilty of robbery if, in the course of committing a theft, he:

    (i)    inflicts serious bodily injury upon another;

    (ii)    threatens another with or intentionally puts him in fear of immediate serious bodily injury;

    (iii)    commits or threatens immediately to commit any felony of the first or second degree;

    (iv)    inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

---

[3] Mem. Law Supp. 28 U.S.C. § 2255 Mot. 4 ["Mem. Law Supp."], Doc. No. 205.

[4] Gov't's Suppl. Resp. Def.'s Mot. Under 28 U.S.C. § 2255 26 ["Gov't's Suppl. Resp."], Doc. No. 207.

  (v) physically takes or removes property from the person of another by force however slight; or

  (vi) takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial institution orally or in writing with the intent to deprive the financial institution thereof.

18 Pa. Cons. Stat. § 3701(a)(1).

  Some conduct is graded as a felony of the first degree and other conduct is graded as second or third degree. Only robbery under subsections (i), (ii), and (iii) is a felony of the first degree. Robbery under subsections (iv) and (vi) is a felony of the second degree. Under subsection (v), it is a felony of the third degree. 18 Pa. Cons. Stat. § 3701(b)(1).

  McCode was convicted of four robberies of the first degree. Thus, we must determine whether he was convicted of robbery crimes under either subsection (i), (ii), or (iii) and whether the convictions qualify as crimes of violence.

  In evaluating the substance of a prior conviction under the ACCA, we apply the "categorical approach." *Taylor v. United States*, 495 U.S. 575, 600 (1990). We "look only to the fact of conviction and the statutory definition of the prior offense." *Id*. at 602. How the defendant committed the crime is not relevant in the categorical approach, even if the conduct "fits within the generic offense." *United States v. Peppers*, 899 F.3d 211, 232 (3d Cir. 2018) (quoting *Mathis v. United States*, 579 U.S. 500, 509 (2016)). The categorical approach requires that we identify the elements of the offense.

  When the elements of the offenses are stated in the alternative, the statute is considered divisible. In that case, we use the "modified categorical approach" to determine which alternative formed the basis of the statute of conviction. *Peppers*, 899 F.3d at 227-28. Using the modified approach, we consult the "charging document, written

4

plea agreement, transcript of plea colloquy and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). The modified approach is used only to assess the conviction under a divisible statute so that the court can determine under which alternative elements the defendant was convicted. *Mathis*, 579 U.S. at 505. The Third Circuit in *Peppers* concluded that the Pennsylvania robbery statute is "obviously divisible." *Peppers*, 899 F.3d at 232 (internal citation omitted).

Applying the modified approach, the *Shepard* documents show that McCode was charged in four separate cases under subsections (ii), (iii), (iv), and (v).[5] He was not charged under subsection (i), inflicting serious bodily harm.[6] He pleaded guilty in each case to a first-degree felony.[7] Thus, he could only have been convicted under either subsection (ii) or (iii).

Subsection (ii) qualifies as a crime of violence under the elements clause of the career offender Sentencing Guideline, which is identical to the ACCA's elements clause. *United States v. Henderson*, 80 F.4th 207, 212 (3d Cir. 2013). Hence, subsection (ii) is an ACCA predicate offense.

Subsection (iii), on the other hand, is not a predicate offense. The Supreme Court has held that the ACCA's elements clause does not encompass "offenses criminalizing reckless conduct." *Borden*, 593 U.S. at 429. Subsection (iii) can be committed with a *mens rea* of recklessness. Thus, as the government concedes, it is not an ACCA predicate offense.

---

[5] Mem. Law Supp. Exs. A-E.

[6] *Id.*

[7] *Id.*

5

Because the *Shepard* documents do not show under which subsection – (ii) or (iii) – McCode was convicted, it is not possible to determine whether those convictions are ACCA predicates.  The government agrees.[8]

"We are required to 'presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense.'"  *Peppers*, 899 F.3d at 232-33 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (alterations in original) (additional quotation marks and citation omitted)).  In this case, the conviction is presumed to be under subsection (iii) and does not qualify as an ACCA predicate offense.

Nevertheless, the government argues that McCode has the burden "to prove the basis of the prior conviction."[9]  In support, it cites to *Pereida v. Wilkinson*, 592 U.S. 224 (2021), which held that a noncitizen seeking cancellation of removal under the Immigration and Nationality Act ("INA") has the burden of proving he has not committed a disqualifying crime.  *Pereida*, 592 U.S. at 233.  In *Pereida*, the Supreme Court explicitly distinguished between civil immigration proceedings and criminal proceedings.  In proceedings under the INA, Congress imposed the burden of proof upon the alien to prove that he had not been convicted of a disqualifying crime.  592 U.S. at 242-43.  A criminal defendant has no such burden.

Similarly, the government's citation to *Peppers* is unavailing.  In the absence of *Shepard* documents, the Third Circuit stated that "we must assume [the defendant] was

---

[8] Gov't's Suppl. Resp. to Def.'s Mot. Under 28 U.S.C. § 2255 19, Doc. No. 207 ("The *Shepard* documents produced by the defendant do not answer the question of the basis of the convictions, stating only that he was convicted of first-degree robbery.").

[9] Gov't's Suppl. Resp. 19-20.

convicted under the third degree robbery provisions and hence under a provision of Pennsylvania law that is broader than the generic requirements of the elements clause of the ACCA." *Peppers*, 899 F.3d at 233-34. The Court did not require Peppers to prove the basis of his prior conviction. Nor will we require McCode to do so. *See United States v. Amos Singleton*, Crim. No. 11-76-1, 2023 WL 3569965, at *4 n.6 (E.D. Pa. May 18, 2023) (collecting cases in the Third Circuit); *see also United States v. Delaney*, 606 F. Supp. 3d 143, 149-50 (E.D. Pa. 2022).

## Conclusion

McCode is not entitled to relief on his § 924(c) challenge. But, he is on his ACCA claim. Therefore, we shall grant McCode's motion and order resentencing.